UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BLANE BARRY                                    CIVIL ACTION

VERSUS                                         NO: 13-6133

SHELL OIL COMPANY, ET AL.                      SECTION: "A" (3)


**ORDER AND REASONS**

Before the Court is a <u>Motion to Remand (Rec. Doc. 12)</u> filed by Plaintiff Blane Barry.  Defendants Arctia Offshore, Ltd.; Shell Oil Company; and Shell Offshore, Inc. oppose the motion.  The motion, set for hearing on December 4, 2013, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED.**

**I. Background**

This case arises from injuries that occurred while Plaintiff was working on the M/V NORDICA, a vessel owned, operated, and/or managed by Defendants.  Plaintiff filed suit in state court, asserting claims against Defendants under the general maritime law of the United States.  Plaintiff's state court complaint included a request for a trial by jury on all claims.  After being served with the lawsuit, Defendant Arctia Offshore, Ltd. removed the case to federal district court.  Plaintiff now moves to have the case remanded to state court, arguing that general maritime claims

1

against non-diverse defendants are not removable under the saving to suitors clause.

## II. Analysis

Under 28 U.S.C. § 1441(a), any civil action over which the federal district court has original jurisdiction is removable, unless otherwise specified by an Act of Congress.  The removing party has the burden of establishing the existence of federal jurisdiction.[1]  The removal statute is "to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand."[2]

Pursuant to 28 U.S.C. § 1333, federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."[3]  Despite federal district courts' original jurisdiction over these claims, the Fifth Circuit has consistently held that maritime claims saved to suitors are, of themselves, not removable due to § 1441(b), serving as an

---

[1]*Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (*citing B., Inc. v. Miller Brewing Co.*, 63 F.2d 545 (5th Cir. 1981)).

[2]*In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (*citing Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[3]28 U.S.C. § 1333 (2012).

Act of Congress that barred the removal of such claims.[4]   In December 2011, § 1441 was amended, giving rise to the dispute of whether the amendment made maritime claims removable.

The former version of § 1441, in pertinent part, stated the following:

§ 1441. Actions removable generally

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[5]

Under the former version of the removal statute, the Fifth Circuit viewed § 1441(b) as limiting the removal of maritime claims. The Fifth Circuit routinely held that maritime claims did not "aris[e] under the Constitution, treaties or laws of the United States" and thus, fell within the category of "[a]ny other [civil]

---

[4] *In re Dutile*, 935 F.2d 61, 62-3 (5th Cir. 1991).

[5] 28 U.S.C. § 1441 (2006) (amended 2012).

action."[6]  As such, these claims, in the absence of additional claims providing a basis for federal jurisdiction, were removable only if none of the defendants to the suit were citizens of the state in which the action was brought.[7]

After the amendment to § 1441, the new and current version of the removal statute, in pertinent part, states the following:

§ 1441. Actions removable generally

(a) Generally.
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship.
(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[8]

The 2011 amendment to § 1441 disposed of certain language from the former version of § 1441(b) that the Fifth Circuit had historically relied on to limit the removal of maritime claims.  The

---

[6]*Dutile*, 935 F.2d at 63 (*quoting* 28 U.S.C. § 1441 (2006) (amended 2012)).

[7]*Id.*

[8]28 U.S.C. § 1441 (2012).

4

current version of the statute no longer makes a distinction between claims "arising under the Constitution, treaties or laws of the United States" and "other such action[s]."  Instead, § 1441(b) now explicitly pertains only to removals based on diversity jurisdiction.

Since the amendment to § 1441, some district courts have held that maritime claims are now removable solely on the basis of the federal district courts' original jurisdiction over such matters.[9] These courts recognize the Fifth Circuit's reliance on the former language of § 1441(b) as the Act of Congress that precluded the removal of maritime claims.  These courts reason that since this language has been removed, "nothing in § 1441 or any other Act of Congress prevents removal of general maritime claims."[10]

The Fifth Circuit has yet to directly rule on whether or to what extent the amendment to § 1441 affects the removal of maritime claims.  The issue now before the Court is whether the current version of § 1441 allows the removal of Plaintiff's general maritime claims in this case.

As previously mentioned, the admiralty jurisdictional statute

---

[9] *See Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013); *Wells v. Abe's Boat Rentals Inc.*, No. 13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013); *Bridges v. Phillips 66 Co.*, No. 13-477, 2013 WL 6092803 (M.D. La. Nov. 19, 2013); *Carrigan v. M/V AMC AMBASSADOR*, No. 13-3208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014).

[10] *Bridges*, 2013 WL 6092803, at *4.

found in § 1333 gives district courts original jurisdiction over civil cases of admiralty jurisdiction, but "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled."[11]  This has been referred to as maritime law's "saving to suitors" clause.

The Fifth Circuit has stated that maritime cases which are brought in state court "are exempt from removal by the 'saving-to-suitors' clause of the jurisdictional statute governing admiralty claims, and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship."[12]  While the second part of that statement has arguably been called into question by the amendment to § 1441, the Court does not find it necessary to make a determination on that issue in ruling on the instant motion.

Plaintiff has requested a trial by jury in this matter.  The Supreme Court has stated that "[t]rial by jury is an obvious, but not exclusive, example of the remedies available to suitors" under the saving to suitors clause.[13]  Defendants argue that this case

---

[11] 28 U.S.C. § 1333 (2012).

[12] *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (*citing Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959); *Dutile*, 935 F.2d at 63).

[13] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001) (*citing Lake Tankers Corp. v. Henn*, 354 U.S. 147, 153 (1957); *Red Cross Line v. Atlantic Fruit Co.*, 264 U.S. 109, 123-25 (1924)).

should be removed based on this Court's original admiralty jurisdiction; however, "[o]ne of the historical procedures unique to admiralty is that a suit in admiralty does not carry with it the right to a jury trial."[14]  As Plaintiff's claims here are solely based on general maritime law and there is a lack of diversity among the parties, there is no way for Plaintiff to have a trial by jury in this Court.

The Fifth Circuit has stated that the saving to suitors clause "does no more than preserve the right of maritime suitors to pursue nonmaritime remedies."[15]  "It does not guarantee them a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction *other than admiralty*."[16]

When actions are removed pursuant to federal question jurisdiction[17] and/or federal diversity jurisdiction,[18] the maritime plaintiff retains the right to demand a jury trial in federal

---

[14]*Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011) (*citing Waring v. Clarke*, 46 U.S. 441, 460 (1847)).

[15]*Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996).

[16]*Id.* (*citing Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. 1981)).

[17]28 U.S.C. § 1331 (2012).

[18]28 U.S.C. § 1332 (2012).

7

district court.[19]  But since the removal of Plaintiff's claim solely on the basis of admiralty jurisdiction would deprive him of the right to pursue his nonmaritime remedy of a jury trial, the saving to suitors clause under these circumstances prohibits the removal of this action.

In sum, the saving to suitors clause, found in § 1333, is an Act of Congress that prohibits the removal of the general maritime claims in this case, pursuant to § 1441(a).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the Motion to Remand (Rec. Doc. 12) filed by Plaintiff Blane Barry is hereby **GRANTED**.

This 24th day of February, 2014.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[19]*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001).

8